## Patton v. McWhorter

Dec. 15, 1942.

444

Hiram H. Owens for appellant.

A. T. W. Manning for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

At the regular November, 1942 election, appellant, William Patton, and appellee, Henry McWhorter, were rival candidates for membership to the board of education, division 3 of Laurel county. According to the official tabulation conducted by the board of election commissioners appellee was declared to be elected by a majority of one vote. Appellant thereupon filed his petition requesting a recount of the ballots cast in four of the seven precincts of the division.

Appellee by counterclaim and cross petition, and, within ten days after the election, requested a recount of the ballots cast in the three remaining precincts. Upon the recount appellee was declared to be the successful candidate by a majority of five votes. The chancellor rejected eight ballots which were cast in favor of appellant, because he was of the opinion that they bore distinguishing marks by which they afterwards could be identified as having been cast by the individuals on whose ballots they appeared. The markings under question were made by pen and ink and consisted of crosses placed outside and to the right of the square opposite the name of appellant Patton. The ballots were also marked with a stencil in the square opposite Patton's name. All of the ballots were cast in Stepping Rock precinct and no ballot so marked was cast in favor of appellee.

Section 118.320, KRS, prohibits the counting of any ballot which bears a mark by which the identity of the voter may be determined. Neither the evidence nor the pleadings disclose the identity of the person who placed the marks on the ballots. Despite this fact, the appellant

asks us to assume that the marks were made by the clerk of the election for the purpose of assisting illiterate voters to cast their ballots in favor of the candidate of their choice. He cites no authority in support of his argument, and we are not willing to draw such an inference, in the absence of testimony to that effect. The ballots under question are filed as exhibits, and have been carefully examined by this court. There can be no doubt that they bear marks prohibited by the statute. In the case of Campbell v. Little et al., 251 Ky. 812, 66 S. W. (2d) 67, 69, construing a similar statute, it was said:

> "Whether the mark or sign on the ballot was intended by the voter for a purpose within the inhibition of the statute, is immaterial, if it is reasonably calculated to serve such purpose, the same invalidates the ballot and requires that it be not counted for the candidate for whom it was cast."

We are of the opinion the court properly refused to count the ballots in question.

Wherefore, the judgment is affirmed.

The whole Court sitting.